IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO GUEVAREZ,
On behalf of himself and others similarly
situated,

    Plaintiff,

                                               CASE NO.: 8:19-cv-01612-JSM-CPT

Vs.

BRAIN CAPITAL, LLC, a Florida Limited Liability
Company, d/b/a MAACO COLLISION REPAIR
& AUTO PAINTING, and BRIAN
CHUMBLER, an individual, jointly and severally,

    Defendant.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW the Defendants, Defendants, BRAIN CAPITAL, LLC a Florida Limited Liability Company, d/b/a MAACO COLLISION REPAIR & AUTO PAINTING, and BRIAN CHUMBLER, by and through undersigned counsel, herby answers Plaintiff's Complaint as follows:

**RESPONSES TO INTRODUCTION**

1. Admitted that the individual Plaintiff, Orlando Guevarez has filed an action alleging unpaid overtime under the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201, *et. seq*. Denied that Plaintiff has a right or ability to bring a collective action. All other allegations and/or inferences are denied.

2. Admitted that the individual Plaintiff, Orlando Guevarez has filed an action alleging unpaid overtime under the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201, *et. seq*. Denied that Plaintiff has a right or ability to bring a collective action. All other allegations and/or inferences are denied.

3. Admitted that the individual Plaintiff, Orlando Guevarez has filed an action alleging unpaid overtime under the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201, *et. seq*. Denied that Plaintiff has a right or ability to bring a collective action. All other allegations and/or inferences are denied.

## RESPONSES TO JURISDICTION

4. Admitted that this Court has jurisdiction of this matter as alleged, but denies that this admission gives rise to liability or damages to Plaintiff.

## RESPONSES TO VENUE

5. Admitted that Plaintiff and Defendant Brain Capital, LLC had an employment relationship that was both initiated and terminated in Hillsborough County, Florida.

## RESPONSES TO ALLEGATIONS OF PARTIES

6. Admitted that Plaintiff was employed by Brain Capital, LLC performing work in the auto body repair and painting department for approximately 3 months, from March 16, 2019 through May 12, 2019. Admitted that Plaintiff's employment terminated on or about May 12, 2019. All other allegations and/or inferences in Paragraph 6 of Plaintiff's Complaint are denied.

7. Denied.

8. Denied.

9. Admitted.

10. Admitted.

11. Admitted.

## RESPONSES TO FACTUAL ALLEGATIONS

12. Defendants re-alleges and adopts paragraphs one through eleven as if fully set forth herein.

13. Admitted that Plaintiff was a non-exempt employee of Brain Capital, LLC, located in Hillsborough County, Florida. All other allegations and/or inferences in paragraph 13 of Plaintiff's Complaint are denied.

14. Admitted that Plaintiff worked for Brain Capital, LLC from March 18, 2019 through May 12, 2019, and during that time worked a total of 27.7 hour of overtime hours. Admitted that Plaintiff was paid straight time for those overtime hours at $14.00 per hour, and thus Plaintiff is entitled to the half time of $7.00 per hour for those 27.7 hours, or a total of $193.90. However, Brain Capital, LLC overpaid Plaintiff on other weeks that Plaintiff worked, and thereby is entitled to a set-off for more than $193.90 based on the over payments to Plaintiff.

15. Admitted that the overtime hours were mistakenly paid as straight hours only. All other allegations and/or inferences in Paragraph 15 of this Complaint are denied.

16. Denied.

## RESPONSES TO COUNT I – LEGAL CLAIMS

17. Defendants re-alleges and adopts paragraphs one through sixteen as if fully set forth herein.

18. Denied.

19. Denied.

## RESPONSES TO PLAINTIFF'S PRAYER FOR RELIEF

A. Denied.

B. Denied.

C. Denied.

  D. Admit that his Court should find that Plaintiff was not paid a total of $193.90 as per the admissions in Paragraph 14 of Defendants Answer, as to Defendant Brain Capital, LLC, but should then set-off this amount by over payments made by Defendant to Plaintiff.

  E Denied.

  F. Denied.

  G. Denied.

  H. Denied. Although Plaintiff had $183.90 in unpaid overtime, this amount is set off by over payments, thus Plaintiff is not owed any sums. Further, Defendant offered to pay plaintiff this $193.90 prior to filing of this Answer.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Brian Chumbler is an improper defendant in this action as he does not meet the definition of an employer under the FLSA.

### SECOND AFFIRMATIVE DEFENSE

Brain Capital, LLC overpaid Plaintiff based on the hours submitted by Plaintiff, and therefore seeks a set-off on any overtime that is considered unpaid.

### THIRD AFFIRMATIVE DEFENSE

Brain Capital, LLC is entitled to reimbursement of those payment amounts that it over paid Plaintiff based on the hours submitted my Plaintiff.

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed online using the Florida E-Filing Portal as mandated by Fla. R. of J. Admin 2.516(b)(1) with copies being furnished by email to Robert Norell**,** Esq. (Email: rob@floridawagelaw.com) this __4___ day of September 2019.

            **MANDELBAUM, FITZSIMMONS, HEWITT & CAIN, P.A.**

     **/S/ Scott K. Hewitt**
_____

**SCOTT K. HEWITT, ESQ.**
**Florida Bar No. 164836**
Post Office Box 3373
Tampa, Florida 33601
Telephone: (813) 221-0200
Fax: (813) 221-8558
Primary Service Email: skh@manfitzlaw.com
Secondary Service Email: drm@manfitzlaw.com